## GUTHRIE v. BROWN et al.

No. 17813.   Opinion Filed March 13, 1928.

(Syllabus.)

**Highways—Personal Injuries to Traveler from Defects in State Highway—Nonliability of County Commissioners.**

In an action against members of a board of county commissioners in their individual capacity, for damages caused by failure to provide signals, lights, barriers, or warning signs upon a highway where a bridge is under construction by an independent contractor, where the petition fails to allege, and the evidence fails to show, that such highway is one under the jurisdiction or supervision of the board of county commissioners, and the allegations and proof show that the accident occurred on a state highway, and there is no allegation or proof that such commissioners were acting in any capacity other than as such officials, it is not error to sustain a demurrer to the evidence as to such defendants.

Commissioners' Opinion, Division No. 2.

Error from District Court, Muskogee County; E. A. Summers, Judge.

Action for damages for personal injury by George G. Guthrie against A. F. Brown, O. H. Toalson, H. B. Rodecker, W. F. Froebe, and the Froebe Road Surfacing Company. Judgment for defendants Brown, Toalson, and Rodecker, and plaintiff brings error. Affirmed.

Wm. Blake and Arden E. Ross, for plaintiff in error.

Shipman & Lewis, for defendants in error A. F. Brown, O. B. Toalson, and H. B. Rodecker.

DIFFENDAFFER, C. This action was commenced by plaintiff in the district court of Muskogee county against A. F. Brown, O. H. Toalson, and H. B. Rodecker, who were, on July 4, 1924, county commissioners of Washington county, and W. F. Froebe and the Froebe Road Surfacing Company, to recover damages alleged to have been sustained by plaintiff while a traveler upon a public state highway extending from the city of Tulsa, in Tulsa county, to and through the city of Bartlesville, in Washington county. The injury for which recovery was sought was alleged to have been caused by the negligence of defendants in leaving open an excavation across said highway, over which a bridge was being constructed, and failing to keep and maintain suitable "detour" signs, barricade, road lights, or other warning signs at or near the opening in the roadway, to warn people traveling the highway of its dangerous condition, and that plaintiff, while driving along the highway at night, drove into the opening or excavation causing the injuries to him.

The accident is alleged to have occurred on the morning of July 4, 1924, in Washington county. Plaintiff sought a recovery against defendants Brown, Toalson, and Rodecker upon the theory that they were the county commissioners of Washington county, and that they were negligent in the premises, and that by reason of their negligence they were liable.

Froebe was an officer of the Froebe Road Surfacing Company, which company, it appears, had the contract for and was then engaged in constructing the bridge.

The case was tried before a jury, and at the close of the plaintiff's evidence, defendants Brown, Toalson, and Rodecker filed separate demurrers thereto. Froebe also demurred separately, as did the Road Surfacing Company. The separate demurrers of Brown, Toalson, Rodecker, and Froebe were sustained, and that of the Road Surfacing Company was overruled. The case then proceeded against the Road Surfacing Company alone, resulting in a verdict and judgment in favor of plaintiff in the sum of $5,000.

Complaint is made only as to the action of the court in sustaining the demurrer of defendants Brown, Toalson, and Rodecker to plaintiff's evidence.

As stated, it is alleged that the accident occurred on July 4, 1924, and upon a state highway. Chapter 48, Session Laws 1923-24, with the emergency clause, was approved March 14, 1924. Section 8 of that act in part is:

"The highways of the state of Oklahoma shall be divided into three classes, to wit, state highways, county highways and township roads.

" (a)   The state highway system shall be designated by the Highway Commission, and be composed of intercounty and interstate highways, and embracing at least five (5%) per cent. of the county highway system of each county.

" (b)   When the State Highway Commission shall have taken over any highway, or part thereof, as a state highway, said State Highway Commission shall become responsible for the construction, repair and maintenance of such highways, and for this purpose shall be authorized to use any funds in the state highway fund, together with any money derived from any agreement entered into between the State Highway Commission and the federal government, any county, or township, or any citizen or group of citizens who have made donations for that purpose.

" (c)   The county highway shall be composed of all roads within any county, designated as such by the county commissioners, less any part of any road or roads which will be taken over as a state highway by the State Highway Commission. * * *"

Section 10 of the act provides:

"The construction and maintenance of the state highway system, and all work incidental thereto, shall be under the general supervision and control of the State Highway Commission, which is hereby authorized, empowered, and directed to take whatever steps may be necessary to cause said state highway system to be constructed at the earliest possible time, consistent with good business management and fund available after this act takes effect, and also to provide for the maintenance of said state highway system. * * *"

The allegation of the petition was that the accident occurred on a state highway. The proof was that it was state highway No. 12. There was no allegation or proof that the accident occurred on a county highway designated as such, or upon a highway over which the county commissioners had jurisdiction.

There is no claim that defendants Brown, Toalson, and Rodecker were acting in any capacity other than as county commissioners, and no. allegation or evidence to that effect.

It will not be necessary for us to consider the degree of care required of county commissioners in the performance of their

duties in the construction and maintenance of highways under their jurisdiction and supervision, or whether or not, in the instant case, they had actual knowledge of the conditions alleged to have existed, and which were alleged to have been the cause of plaintiff's injury.

The evidence being wholly insufficient to sustain a judgment against defendants Brown, Toalson, and Rodecker, there was no error in sustaining the demurrer thereto.

The judgment should be affirmed.

BENNETT, TEEHEE, HERR, and JEFFREY, Commissioners, concur.

By the Court: It is so ordered.